IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRED W. FREITAG IV, ESQUIRE

Movant,

v.  Case No.

United States Securities and Exchange Commission,

Respondent.

## MOTION TO QUASH or MODIFY SUBPOENA
## ISSUED TO FIRST NATIONAL BANK OF PA

The Movant, Fred W. Freitag IV, Esquire, is a licensed and practicing attorney in the Commonwealth of Pennsylvania. As such the Movant uses two types of bank accounts: 1) a general operating account for the ongoing routine business operations; and 2) a IOLTA account ("Interest on Lawyer Trust Account - IOLTA") to hold money belonging to an attorney's clients. Or more simply, the IOLTA holds funds belong to the attorney's clients. Pursuant to Rule 1.15 of the Pennsylvania Rules of Professional Conduct requires attorneys who handle client funds or funds entrusted by others, including settlement checks, fees advanced for services not yet performed, or money to pay court fees, to hold those funds in one or more IOLTA accounts. As such, the IOLTA account

On or about July 3, 2024, Movant, Fred W. Freitag IV, Esquire, received a "Customer Notice" that Respondent opened a formal order of investigation on February 22, 2024 at "In the Matter of AmeriStar LLC, D-4180" and, pursuant to that investigation, was seeking records or financial information Movant's accounts held at First National Bank of PA ("FNB").

The Respondent states in their Customer Notice for the subpoena, "in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401-22". However, Movant states and submits that the IOLTA account and funds contained therein is money belonging to an attorney's clients - not the Movant's. And that Respondent failed to reasonably describe the IOLTA account and it's contents therein - that it is an attorney trust account. Moreover, pursuant to The Rules of Professional Conduct, Movant does not have the consent of their clients to disclose the IOLTA account information and that all papers, records, documents or other information identifying an attorney, client or beneficial owner of an IOLTA account shall be confidential and shall not be disclosed by a financial institution.

Movant, Fred W. Freitag IV, Esquire, requests this Honorable Court quash or modify the subpoena served on First National Bank of PA ("FNB") because:

1. Movant, Fred Freitag IV, is a licensed and practicing Pennsylvania attorney with PA ID # 61770. - move to paragraph and said subpoena is
2. The Movant, Fred W. Freitag IV, Esquire, is a customer of the financial institution, FNB, from which financial records pertaining to him and other thirds parties have been sought.
3. FNB is a disinterested third-party custodian of records which has been subpoened.
4. The subpoena directs the Legal Department, FNB, to produce documents for two accounts, to the SEC by July 17, 2024 for the period May 1, 2024 to the present.
5. The July 3, 2024 subpoena allegedly has been issued pursuant to a formal order entered by the United States Security and Exchange Commission in the matter of "In the Matter of AmeriStar, LLC, D-4180, pursuant to Rules Relating to Investigations, 17 C.F.R.

Section 203.8.

6. The subpoena which seeks documents from two (2) bank accounts are:

    a. A general business account @ Account # 96345664, Fred W. Freitag IV d/b/a Law Office of Fred Freitag, 1041 Applejack Drive, Gibsonia, PA 15044

    b. An IOLTA account @ Account # 96345672, Law Office of Fred Freitag IOLTA, 1041 Applejack Drive, Gibsonia, PA 15044.

7. The financial records sought by the United States Securities and Exchange Commission are not relevant to the legitimated law enforcement inquiry stated in the Customer Notice that was sent to me because the IOLTA account is an attorney trust account containing funds from multiple clients.

8. IOLTA stands for "Interest On Lawyers' Trust Accounts" and is a attorney trust account.

9. The IOLTA trust account contains records, documents, information and monies of multiple clients and/or contains third party funds.

10. Movant believes and proffers that the Respondent's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Respondent, United States Securities and Exchange Commission.

11. The subpoena is overly broad, oppressive, and unduly burdensome, because the IOTA trust account records seeks included records related to clients other than AmeriStar, LLC.

12. The Rules of Professional Conduct requires attorneys who handle client funds or funds entrusted by third parties, it is put into an IOLTA. The basic rules are simple - attorneys must hold client and third party funds in separate accounts at qualified banking institutions - IOLTA accounts.Except for forms which are required for submission to the Board and the attorney or law firm that maintains the account, all papers, records,

   documents or other information identifying an attorney, client or beneficial owner of an IOLTA account shall be confidential and shall not be disclosed by a financial institution.

13.  "Upon receipt of a subpoena for information about a client, a lawyer should appear and assert the lawyer-client privilege and await a ruling from the judge as to whether to disclose....The lawyer-client privilege is held by the client and cannot be waived by the lawyer."

14.  Under ORPC 1.6, a lawyer must not "reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)."[3] The Oregon Supreme Court has adopted a definition to aid in the interpretation of ORPC 1.6 ORPC 1.0(f) provides:

> "Information relating to the representation of a client denotes both information protected by the attorney-client privilege under applicable law, and other information gained in a current or former professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client."

15.  Model Rule 1.6 of the American Bar Association's Rules of Professional Conduct, titled "Confidentiality of Information", states that lawyers cannot disclose information about a client's representation without the client's informed consent, unless certain exceptions apply:

  a. The disclosure is impliedly authorized to carry out the representation

  b. The disclosure is permitted by paragraph (b)

  c. The disclosure is necessary to prevent the client from committing a crime or fraud that could result in substantial injury to the client's property or financial interests

      d.      The disclosure is necessary to prevent or mitigate losses caused by the client's crime or fraud

      e.      The production and disclosure of documents by FNB

16.    Pennsylvania's version of Rule 1.6 is titled "Confidentiality of Information" and can be found in 204 Pa. Code § 1.6:

(a) A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and ©.

(b) A lawyer shall reveal such information if necessary to comply with the duties stated in 3.3.

(c) A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary:

    (1) to prevent reasonably certain death or substantial bodily harm;

    (2) to prevent the client from committing a criminal act that the lawyer believes is likely to result in substantial injury to the financial interests or property of another;

    (3) to prevent, mitigate or rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services are being or had been used;

    (4) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding

    concerning the lawyer's representation of the client;

    (5) to secure legal advice about the lawyer's compliance with these Rules;

    (6) to effectuate the sale of a law practice consistent with Rule 1.17;

    (7) to detect and resolve conflicts of interest from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client; or

    (8) to comply with other law or court order.

(d) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

(e) The duty not to reveal information relating to representation of a client continues after the client-lawyer relationship has terminated.

17. The Treasury Department's Financial Crimes Enforcement Network (FinCEN) issued a final rule that includes key language proposed by the ABA that will protect the confidentiality of law firm clients when new accounts are established at financial institutions on behalf of those clients. 31 CFR Parts 1010, 1020, 1023, 1024 and 1026; RIN 1506-AB25.

For the reasons set forth herein and in Movant's Motion to Quash or Modify Movant

respectfully requests this Honorable Court to quash or modify the subpoena served on First National Bank of PA ("FNB").

Dated: <u>July 10, 2024</u>         Respectfully Submitted,

                                            <u>/s/ Fred W. Freitag IV</u>
                                            Fred W. Freitag IV
                                            PA ID# 61770

                                            Law Office of Fred W. Freitag IV, Esquire
                                            1041 Applejack Drive
                                            Gibsonia, PA 15044
                                            724-504-3420

        I declare under penalty of perjury that this statement foregoing is true and correct.

Dated: <u>July 10, 2024</u>         <u>/s/ Fred W. Freitag IV</u>
                                            Fred W. Freitag IV
                                            PA ID# 61770

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that I have mailed or delivered a copy of the attached motion and sworn statement to:

Danielle R. Voorhees
Assistant Director
Denver Regional Office
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
**voorheesd@sec.gov**
303-728-1040

and

Melinda Hardy, Esquire
Associate General Counsel
Securities and Exchange Commission
100 F St., N.E.
Washington, D.C. 20549

on   July 11, 2024                              (date).

Dated:  July 11, 2024            /s/ Fred W. Freitag IV
　　　　　　　　　　　　　　　Fred W. Freitag IV
　　　　　　　　　　　　　　　PA ID# 61770

　　　　　　　　　　　　　　　1041 Applejack Drive
　　　　　　　　　　　　　　　Gibsonia, PA 15044
　　　　　　　　　　　　　　　fwfreitagiv@gmail.com
　　　　　　　　　　　　　　　Office: 724.213.0811
　　　　　　　　　　　　　　　Mobile/Direct: 724.504.3420